**No. 53791.**—Distillers Factors Corporation v. United States, protests 146310–K, etc. (Philadelphia).

Opinion by EKWALL, J.    For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

**No. 53792.**—Amcu Trading Corp. et al. v. United States, protests 144668–K, etc. (New York).

Opinion by JOHNSON, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.

### BEFORE THE FIRST DIVISION, DECEMBER 8, 1949

**No. 53793.**—W. R. Zanes & Co. of La., Inc., and Yucatan Cordage Company v. United States, petition 6725–R (New Orleans).

Opinion by COLE, J.    From an examination of the testimony, which was in no way disputed by the Government, it was held that entry at a value less than the appraised value was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise.    The petition was therefore granted.

### DECEMBER 7, 1949

**No. 53794.**—The Werner G. Smith Company v. United States, protest 129252–K.——–C. D. 1186.    Motion . of Government for rehearing denied.    COLE, J., concurring.

### BEFORE THE FIRST DIVISION, DECEMBER 12, 1949

**No. 53795.**—W. T. Grant Co. v. United States, protests 973655–G and 975986–G (New York).

Opinion by OLIVER, C. J.    It was stipulated that the glass marmalade jars and chrome-plated spoons are the same in all material respects as those the subject of Abstract 52871 and that said chrome-plated spoons are composed wholly or in chief value of copper, brass, steel, or other base metal, not plated with platinum, gold, or silver.    Accepting this stipulation as a statement of fact, the claims of the plaintiff were sustained.